**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN EUROCOPTER CORPORATION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HELI USA AIRWAYS, INC., <br><br> Defendant. | Case No. 2:12-cv-00222-LRH-PAL <br><br> **ORDER** |

Before the court is an Emergency Application for Order to Show Cause Why Heli USA Airways, Inc. Should not be Held in Contempt, and Motion for Order Holding Heli USA Airways, Inc. in Contempt of Court (Dkt. #2) filed February 14, 2012.

This is a miscellaneous action filed by Defendants American Eurocopter Corporation and Eurocopter, S.A.S. to enforce a subpoena duces tecum served on non-party Heli USA Airways, Inc. ("Heli USA") in this district. The subpoena was served in connection with a civil action filed in the United States District Court for the Northern District of Texas, Fort Worth Division, by Plaintiffs Andrew J. Sulak and Carrie M. Sulak. The action arises from a helicopter accident near Princeville, Hawaii, in March 2007. Heli USA is alleged to have operated the aircraft involved in the accident.

Counsel for Movants served a subpoena duces tecum on the law firm of Gordon Silver, the resident agent of Heli USA, December 23, 2011. A copy of the subpoena duces tecum and affidavit of service are attached as Exhibits 1 and 2 to the motion. The subpoena called for the production of documents on January 23, 2012. When no response was received, counsel for the Movants contacted Eric Olsen, an attorney at Gordon Silver for Heli USA. Counsel for the Movants spoke with Mr. Olsen on January 25, 2012, who acknowledged receipt of the subpoena and indicated his client was "collecting documents" responsive to the subpoena. Counsel for Movants and Mr. Olsen have

communicated telephonically and by e-mail on several occasions. On February 8, 2012, Mr. Olsen sent counsel for Movantss an e-mail indicating that Heli USA had conducted a search but found no responsive documents. Counsel for Plaintiff was "highly surprised" by this response because many of the documents sought by the subpoena are documents counsel for Movants believes Heli USA is required to have in order to run its operations by the Federal Aviation Administration. When it was clear from discussion with Mr. Olsen that no documents would be forthcoming, Mr. Olsen was informed that this application would be filed.

Movants argue that the motion should be considered on an emergency basis because the court in the Northern District of Texas action has established a March 21, 2012, discovery cutoff, and the documents are needed to complete expert and other depositions in the case.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Counsel for non-party Heli USA shall have until February 28, 2012, in which to respond to the emergency application.
2. A hearing on the Emergency Application (Dkt. #2) is set for **Thursday, March 1, 2012, at 10:30 a.m.**
3. The clerk of the court shall serve Eric Olsen of the law firm of Gordon Silver, resident agent for Heli USA Airways, Inc., with a copy of this order.
4. Counsel for the Movants shall serve all interested parties in the underlying action with a copy of this order.

Dated this 23rd day of February, 2012.

_____
Peggy A. Leen
United States Magistrate Judge